COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON CARRODINE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>HELIOSUN, LLC d/b/a ODIN ENERGY, a Foreign Limited-Liability Company,<br><br>        Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Jason Carrodine (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**II.   JURISDICTION AND VENUE**

   **A.   JURISDICTION OF THE COURT**

3. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 & 1337.

**B.  VENUE**

4. Venue is proper as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction, and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

5. Furthermore, this action relates to Defendant's solicitation calls to Plaintiff where Defendant knowingly and purposefully sought the business of a Nevada-based consumer and called Plaintiff on his cell phone with a "702" area code, associated with the Las Vegas area.

**III.  PARTIES**

6. Plaintiff is a natural person and resident of the State of Nevada.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Upon information and belief, Defendant, Heliosun, LLC (hereinafter "Defendant") is an entity licensed in the State of Arizona and authorized to do business in the State of Nevada.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**IV.  GENERAL ALLEGATIONS**

11. At all times relevant hereto, Plaintiff had a cellular telephone number (702) XXX-7221.

12. Plaintiff registered that number on the federal Do Not Call Registry in 2014 in order to obtain solitude from unwanted telemarketing calls.

13. Plaintiff primarily used his cell phone for residential purposes.

14. In the spring and summer of 2020, Defendant placed a series of invasive and unwanted telemarketing calls soliciting solar energy plans.

15. Plaintiff did not consent to receiving such calls and did not have any existing business relationship with Defendant before the telemarketing calls began.

16. Defendant called Plaintiff at times including but not limited to the following:

| Date/Time: | Caller ID: |
|---|---|
| March 17, 2020 11:41 am PST | (702) 213-7221 |
| March 17, 2020 7:22 pm PST | (702) 213-7221 |
| March 19, 2020 12:56 pm PST | (702) 213-7221 |
| May 22, 2020 7:55 pm PST | (702) 213-7221 |
| June 1, 2020 12:07 pm PST | (702) 213-7221 |
| June 1, 2020 12:07 pm PST | (702) 213-7221 |
| June 3, 2020 9:59 am PST | (702) 213-7221 |
| June 3, 2020 10:00 am PST | (702) 213-7221 |
| June 3, 2020 7:39 pm PST | (702) 213-7221 |
| June 5, 2020 9:59 am PST | (702) 213-7221 |
| June 9, 2020 5:54 pm PST | (702) 213-7221 |
| June 11, 2020 6:59 pm PST | (702) 213-7221 |
| June 17, 2020 6:58 pm PST | (702) 213-7221 |

17. Upon information and belief, Defendant placed additional solicitation calls to Plaintiff that are not reflected in the above list.

18. On various instances where Plaintiff answered the phone, he was initially greeted with a pre-recorded message from Defendant about solar energy plans. If Plaintiff stayed on the line, the call was then transferred to one of Defendant's live agents soliciting solar energy plans.

19. Defendant's calls were not made for "emergency purposes."

20. Defendant's incessant calls were bothersome, irritating, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(TCPA Violation—TCPA 47 U.S.C. §227(b))**

22. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatically generated or pre-recorded voice.

25. Defendant's calls were not made for "emergency purposes."

26. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

27. Defendant contacted Plaintiff despite the fact that Plaintiff's number has been on the Do Not Call Registry since 2014.

28. Accordingly, Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## SECOND CLAIM FOR RELIEF

**(TCPA Violation—TCPA 47 U.S.C. § 227(c))**

31. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

32. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2014.

34. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

35. Each of the offending calls from Defendant were to solicit services or products.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the TCPA;
2. An injunction against further violations (as provided under 47 U.S.C. § 227(b)(3));
3. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));
4. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));
5. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));
6. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);
7. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)
8. Costs and reasonable attorney fees; and
9. For such other and further relief as the Court may deem just and proper.

## VI. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 1st day of October, 2021.

                COGBURN LAW

By:   */s/Erik W. Fox*
      Jamie S. Cogburn, Esq.
      Nevada Bar No. 8409
      Erik W. Fox, Esq.
      Nevada Bar No. 8804
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
      *Attorneys for Plaintiff*